Jamie McGrady
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400
(907) 646-3480 fax

Attorney for Defendant

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                    Plaintiff,<br>  vs.<br>THOMAS SCHOPP,<br>                    Defendant. | Case No. 1:15-cr-00001-TMB-1<br><br>**SENTENCING MEMORANDUM** |

Defendant, Thomas Schopp, by and through counsel Jamie McGrady, Assistant Federal Defender, submits the following memorandum to aid the Court at the imposition of sentence hearing scheduled for August 1, 2016 before the Honorable Timothy M. Burgess. At sentencing, Mr. Schopp will ask the Court to impose a sentence of 420 months, or 35 years, followed by a lifetime of supervised release.

Mr. Schopp pled to one count of Production of Child Pornography in violation of 18 U.S.C. § 2251(a), which because of his priors, carries a mandatory minimum sentence of 35 years. Mr. Schopp asks the court to impose the mandatory minimum sentence based on the relevant § 3553(a) factors described below.

## I. Thomas Schopp's Personal History and Characteristics

Thomas Schopp was raised in an extremely abusive household. His adoptive mother both physically abused him and neglected him. His father was often absent, and his adoptive brother sexually abused him from age 5 to age 14. The sexual abuse extended to his brother's friends, and was often violent. This prolonged and extensive abuse would leave an indelible mark on Mr. Schopp's ability to forge appropriate relationships during his adult life.

Mr. Schopp has spent the majority of his adult life in prison. During that time, Mr. Schopp received zero write ups and was actively involved in both teaching and ministry. (See exhibit A) Characterizing Mr. Schopp as "institutionalized" would be a fair assessment—Mr. Schopp conforms with the rules and takes advantage of the opportunities afforded to him while in prison. After serving 26 years in jail, Mr. Schopp found it difficult to comply with numerous conditions and limitations placed upon newly released sex offenders.

## II. Nature and Circumstances of the Offense

Mr. Schopp befriended the minor victim in this case, A.H. when they both worked at Carr's Safeway in Juneau. A.H. complained constantly to Mr. Schopp about his home life and about the abuse he suffered at the hands of his mother's boyfriend. Mr. Schopp saw himself in the boy, who reminded him of his troubled childhood, and he felt concern for him.

After the two forged a friendship, Mr. Schopp self-reported to his probation officer and his treatment provider that he was communicating outside of work with A.H. and his parole was subsequently revoked. When he got back out of prison, he stayed away from A.H. for three months. Schopp was no longer employed at Safeway, and endeavored to comply with his conditions of supervision.

According to Mr. Schopp, A.H. contacted him in January to say that he was leaving town, because his mother wanted to "lock him up," and because her boyfriend continued to physically abuse him.[1] At this point, A.H. was 16 years old, old enough, in Mr. Schopp's mind, to leave his family if he so chose.

Mr. Schopp was still struggling to comply with his release conditions and decided to accompany A.H. to Reno, NV. A.H. had a friend outside of Reno that he was going to stay with, and Mr. Schopp also had a friend in the next town over. Mr. Schopp never had any intention to sell A.H. to anyone or engage in sex trafficking of any kind. He genuinely cared for A.H.

That Mr. Schopp crossed a line with A.H. is not surprising. Intimacy and sexuality and violence have all been inextricably linked for him since he was just five years old. In Mr. Schopp's mind, A.H. gave consent. He now recognizes that this relationship was inappropriate and that a minor can never give consent. He still maintains that in his mind, he was trying to help A.H. out of an abusive home life, one which was painfully familiar to Mr. Schopp.

### III. Conclusion

The PSR's recommendation of 35 years is sufficient but not more than necessary to achieve a fair and just sentence in this case. This is essentially a life sentence for Mr. Schopp.

//

//

//

---

[1] See Presentence Report ("PSR") at paragraph 11—Officers at Reno airport noticed visible bruising on A.H.'s face.

*United States v. Thomas Schopp*
Case No. 1:15-cr-00001-TMB-1                                                                                   Page 3 of 4

DATED this 25th day of July, 2016.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

*/s/ Jamie McGrady*
Jamie McGrady
Assistant Federal Defender
Alaska Bar No. 0405022
(907) 646-3405
jamie_mcgrady@fd.org

Certificate of Service:

I certify that on July 25, 2016, a copy of the foregoing document, with attachments, was served electronically on:

Kyle F. Reardon, Assistant U.S. Attorney

*/s/ Jamie McGrady*

*United States v. Thomas Schopp*
Case No. 1:15-cr-00001-TMB-1         Page 4 of 4