Steven M. Wells
Steven M. Wells, P.C.
431 W. 7th Ave.
Ste. 107
Anchorage, AK 99501
(907)279-3557
(907)279-3558 fax
steve@alaskalegaldefense.com

Attorney for Defendant

United States District Court
District of Alaska

| | |
|---|---|
| United States of America, | Case No. 1:15-cr-00001-TMB |
| Plaintiff, | |
| v. | Sentencing Memorandum |
| Thomas Schopp, | |
| Defendant. | |

Thomas Schopp, accused, hereby submits the following memorandum to aid this court in fashioning an appropriate sentence.

1. Recommendation

Mr. Schopp recommends that this court sentence him to 25 years in prison followed by lifetime supervised release.

2. Guideline Analysis

Mr. Schopp does not object to the guideline calculation of the pre-sentence report. This means that his guideline level is 33 with a criminal history category of V. That range is 210 – 262 months. The mandatory minimum in this case is 300 months.

3. Objections to Pre-Sentence Report

Mr. Schopp wants to clarify some statements made in the pre-sentence report related to offense conduct. Mr. Schopp wants the court to understand that A.H.'s version of events, particularly when initially contacted by law enforcement, is substantially different from his mother's version of events. Indeed, in his first statement to law enforcement, A.H. stated that he was the one who initiated sexual contact with Mr. Schopp.

Mr. Schopp recognizes that this does not affect his guidelines or the mandatory minimum sentence. Nonetheless, Mr. Schopp wants this court to know what happened.

4. 3553(a) Factors

4.1 The Mandatory Minimum Is Effectively A Life Sentence

The mandatory minimum sentence is twenty-five years. Mr. Schopp is currently fifty-eight years old. Mr. Schopp is currently serving time in Alaska Department of Corrections. His current release date is May 16, 2022, at the age of fifty-nine.[1]

The mandatory minimum sentence in this case is twenty-five years. Mr. Schopp's minimum release date, then, would be when he is eighty-four years old. Life expectancy for males in the United States was 76.2 years as of 2018.[2] Odds are that if this court imposes a twenty-five year sentence, Mr. Schopp will be incarcerated until his death.

---

[1] See https://vinelink.vineapps.com/person-detail/offender/1335287;tabIndexToSelect=0, last visited on September 17, 2020.
[2] Jiaquan Xu, M.D. et al., U.S. Department of Health and Social Services, Mortality in the United States, 2018 (2020)(available at: https://www.cdc.gov/nchs/data/databriefs/db355-h.pdf).

The Ninth Circuit has recognized that "'[t]here is a worthy tradition that death in prison is not to be ordered lightly, and the probability that a convict will not live out his sentence should certainly give pause to a sentencing court.'"[3] In Mr. Schopp's situation, it is more than probable that the mandatory minimum will be a life sentence.

Even if he is alive to be released from custody, spending time in prison reduces mortality for those who are released from incarceration.[4] Mr. Schopp is going to be placed on supervised release for the rest of his life, which will be expectedly short. There is no reason for additional prison time.

4.2 Mr. Schopp's Own History

The pre-sentence reports from Mr. Schopp's history, in this court and in Alaska courts, demonstrate an upbringing saturated with physical and sexual abuse at the hands of his step-brother and step-father. This abuse continued until Mr. Schopp was eighteen.[5] Justice O'Connor wrote that when "a defendant's crime is attributable to a disadvantaged background or emotional or mental problems the defendant is less culpable than one without the excuse."[6]

Mr. Schopp's background made him particularly sensitive to A.H's story of abuse. The pre-sentence report at paragraph 11 notes that officers saw "visible bruising" on the face of A.H. and that he had an open case with Alaska Child Services regarding potential domestic abuse. Mr. Schopp met A.H. when they both worked at the same place in Juneau and they just talked about life as co-workers. It is doubtful that A.H. could have been more sympathetic to Mr. Schopp if he tried. Mr. Schopp, though, reported his contact with A.H. to his state parole officer and actually served time for the contact.

Upon his release from custody, Mr. Schopp no longer worked at the same place as A.H. Juneau being as small as it is, though, it is no surprise that Mr. Schopp encountered A.H. At that time, A.H. was over 16.

---

[3] *United States v. Lee*, 725 F.3d 1159, 1169 (9th Cir. 2013)(quoting *United States v. Wurzinger*, 467 F.3d 649, 652 (7th Cir. 2006).
[4] Christopher Wildeman, *Incarceration and Population Health in Wealthy Democracies*, 54 Criminology 350 (2016). See also Evelyn J. Patterson, Ph.D., *The Dose-Response of Time Service in Prison on Mortality: New York State, 1989-2003*, 103 Am. J. Public Health 523, 2013.
[5] Pre-Sentence Report [Docket 91], ¶ 49.
[6] *California v. Brown*, 479 U.S. 538, 545 (1987)(O'Connor, J., concurring).

United States v. Thomas Schopp
Case No. 1:15-cr-00001-TMB
Sentencing Memo
Page 3 of 5

Just as Mr. Schopp's own history made him particularly sympathetic to A.H., Mr. Schopp's history made him appear as a more likely confidant. Fortunately, not many people have the family background of either Mr. Schopp or A.H. That rarity, though, certainly blinded Mr. Schopp to how inappropriate his relationship was with A.H., or his agreement that A.H. could join him when Mr. Schopp decided to leave Alaska.

4.3 The Sexual Conduct Was Legal Under Alaska Law

Producing child pornography is a serious offense. As an offense, it brands offenders with a stigma not found in many other offenses. That stigma, though, should not obscure an important fact: the sexual conduct in this case was legal. In Alaska, the age of consent is generally 16.[7] This means that if Mr. Schopp had never photographed A.H., there would be no grounds to charge Mr. Schopp. There is no evidence that Mr. Schopp forced A.H. to engage in this activity. There is no evidence that Mr. Schopp kidnapped A.H. There is no evidence Mr. Schopp intended to sell A.H. into sexual 'slavery'.

Mr. Schopp recognize that this does not make his conduct legal. The Ninth Circuit has clearly ruled that even if the underlying sexual activity is in accord with state law, video-taping and photographing a person under the age of 18 engaging in sexual conduct is prohibited.[8] Nonetheless, when reviewing the offense conduct in this matter, Mr. Schopp should not be subject to an enhanced sentence for molesting children or abusing kids because he did not do that in this case. Rather, he video-recorded lawful behavior and that video-recording is unlawful.

When considering an appropriate sentence for Mr. Schopp, this court should consider that this case is not the same as if Mr. Schopp had recorded sexual conduct with someone who was not of legal age.

4. Conclusion

---

[7] A.S. §11.41.136(a)(1). There are some exceptions. If, for example, the offender is in a position of authority over the victim, the age of consent is 18. A.S. §11.41.136(a)(6). But if there is no relationship between the parties, the age of consent is 16.

[8] *United States v. Laursen*, 847 F.3d 1026 (9th Cir. 2017).

This is admittedly a serious offense and the mandatory minimum is a steep sentence: twenty-five years. It is twenty-five years because of Mr. Schopp's own history. He has made his bed and now he must lie in it, so to speak.

	But there is no reason to give him more than those twenty-five years. That amount of time is effectively a life sentence. And there are legitimate reasons to not go beyond that time in this case, including Mr. Schopp's own ghastly history as a victim of physical and sexual abuse. Finally, this court should sentence Mr. Schopp based upon the legal reality of his offense. His offense was video recording activity that was otherwise legal.

	For these reasons, the mandatory minimum is more than sufficient as required by law.

	DATED this 17th day of September, 2020, at Anchorage, Alaska.

>						Steven M. Wells, PC
>						Attorneys for Defendant
>
>				By:	 /s/ Steven M. Wells
>						Steven M. Wells
>						ABA #0010066

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served **electronically** this 17th day of September, 2020 on:

All Parties of Record

  /s/ Steven M. Wells         .
Steven M. Wells, PC