BRYAN SCHRODER
United States Attorney

KYLE REARDON
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: kyle.reardon@usdoj.gov

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 1:15-cr-00001-TMB-LCL |
| Plaintiff, | ) |
| v. | ) |
| THOMAS SCHOPP, <br>   a/k/a "Thomas Hiser," | ) |
| Defendant. | ) |

**GOVERNMENT SENTENCING MEMORANDUM**

**SUMMARY OF SENTENCING RECOMMENDATIONS**

**TERM OF IMPRISONMENT** ................................................................... **420 months**

**SUPERVISED RELEASE** ............................................................................................... **Life**

**SPECIAL ASSESSMENT** ......................................................................................... **$100.00**

COMES NOW the United States of America, by and through undersigned counsel, and hereby files this Sentencing Memorandum. For the reasons stated herein, the United States respectfully asks the Court to impose a sentence of 420-months imprisonment, to be followed by a lifetime term of supervised release.

## I. INTRODUCTION

### a. Investigation[1]

In August 2014, the defendant met Juvenile A while living in Juneau, Alaska. After befriending Juvenile A, the defendant invited him to his residence in Juneau and engaged in sexual acts with the minor that he recorded on his cell phone. Shortly thereafter, the defendant traveled with Juvenile A. Upon his arrival, police arrested the defendant. After his arrest, the defendant made contact with an accomplice and enlisted his help in attempting to destroy the cell phone he had used to record his contact with Juvenile A.

At the time of his conviction, the defendant had been convicted on two prior occasions for indecent acts with minors. On January 29, 1988, the defendant was convicted in the Superior Court for the State of Alaska of six counts of sexual assault in the first degree and was sentenced to five years in prison. On May 17, 1993, the defendant was convicted in the Fourth Judicial District Court for the State of Alaska of two counts of sexual abuse of a minor in the first degree, three counts of sexual abuse of

---

[1] A complete recitation of the facts and a fuller description of the defendant's criminal history are contained in the sealed Presentence Report at Docket 91.

Page 2 of 14

Govt. Sent. Memo.
*United States v. Schopp*
1:15-cr-00001-TMB-LCL

Case 1:15-cr-00001-TMB    Document 116    Filed 10/05/20    Page 2 of 14

a minor in the second degree, and one count of attempted sexual abuse in the third degree, and was sentenced to 26 years in prison.

### b. Procedural History

The Grand Jury indicted the defendant on August 20, 2015, with one count of production of child pornography, in violation of 18 U.S.C. § 2251(a). Doc. 2. The defendant pleaded guilty on April 18, 2016, to Production of Child Pornography, in violation of 18 U.S.C. § 2251(a). Doc. 40. The District Court sentenced the defendant to Life imprisonment on August 1, 2016. Doc. 51.

The defendant appealed. The Ninth Circuit vacated the District Court's sentence, and remanded for resentencing. Doc. 82. The Ninth Circuit held that because both of the defendant's prior sex offenses did not "relat[e] to the sexual exploitation of children," the maximum available punishment was not less than 25 years and up to 50 years imprisonment. *Id.*

Resentencing is set for October 7, 2020. Doc. 115.

## II. SENTENCING CALCULATION

### a. Statutory Maximum Sentence

The defendant has two prior sex crime conviction. However, because only one of those prior convictions "rela[es] to the sexual exploitation of children," the maximum sentence that may be imposed for a violation of 18 U.S.C. § 2251(a) is not less than 25 years (300 months) imprisonment, and up to 50 years (600 months); a fine of $250,000; and a term of supervised release of not less than five years and up to life.

Page 3 of 14

Govt. Sent. Memo.
*United States v. Schopp*
1:15-cr-00001-TMB-LCL

Case 1:15-cr-00001-TMB    Document 116    Filed 10/05/20    Page 3 of 14

### b. Sentencing Guidelines Calculation

The Probation Officer filed a second Presentence Report in preparation of the defendant's resentencing. Doc. 91. The Probation Officer found the total offense level to be 33, and the defendant's criminal history to be V. *Id.* at ¶¶ 30 and 42. The Sentencing Guideline range was increased from 210 to 262 to 300 months because the range fell below the mandatory minimum sentence. *Id.* at ¶75 (citing U.S.S.G. § 5G1.1(b)).

### c. The Probation Officer's Recommended Sentence

The Probation Officer recommends a sentence of 480 months. *Id.* at 1 This basis for this guideline sentence is the defendant's two prior hands-on sexual abuse convictions, the nature and seriousness of his conduct, and the need to deter the defendant in order to protect minors from his sexual predation. *Id.* at 1-2. Upon completion of the defendant's term of incarceration, the Probation Officer recommends that a lifetime period of supervised release. *Id.* at 1. Neither a fine nor restitution is recommended. *Id.*

## III. GOVERNMENT'S RECOMMENDATION

The United States asks the Court to impose a sentence of 420-months imprisonment, followed by a lifetime term of supervised release. This sentence recognizes the history and characteristics of the defendant, and the nature and circumstances of his conduct. It is sufficient, but not greater than necessary to deter the defendant and others from future criminal activity. Furthermore, this sentence is consistent with other sentences that have been recommended and given to similarly situated defendants.

Page 4 of 14

Govt. Sent. Memo.
*United States v. Schopp*
1:15-cr-00001-TMB-LCL

Case 1:15-cr-00001-TMB    Document 116    Filed 10/05/20    Page 4 of 14

The United States' sentencing recommendation is identical to the recommendation made at the defendant's initial Imposition of Sentence on August 1, 2016. Doc. 43. The United States recognizes that pursuant to the terms of the parties' plea agreement, it may recommend any sentence. Doc. 30 at 2, 12 ("The parties are free to recommend to the Court their respective positions on the appropriate sentence to be in imposed in this case[.]") Furthermore, the Court may impose, any term of imprisonment at resentencing when the reasons for that sentence "affirmatively appear" in the record. *Alabama v. Smith*, 490 U.S. 794, 798 (1989); *see also See United States v. Duso*, 42 F.3d 365, 267-68 (8th Cir. 1994) (imposing a higher sentence on resentencing not vindictive when the higher sentence is based upon legitimate factors available to the district court at the time of the original sentencing).

The United States is not modifying its prior sentencing recommendation. Previously, the United States recommended a sentence of 35 years, the term the parties' understood to be the mandatory minimum sentence, and at the bottom of what all parties' understood to be the Sentencing Guideline range. For the reasons stated below, this sentence remains the appropriate term of imprisonment even though the Sentencing Guideline range has fallen to 25 years.

### a. The Nature and Circumstances of the Offense

#### i. The Defendant's Crimes Directly Harmed Children.

The defendant – 52 years old at the time of his offense, and twice convicted for child molestation - sexually abused a minor and used his cell phone camera to capture

Page 5 of 14

Govt. Sent. Memo.
*United States v. Schopp*
1:15-cr-00001-TMB-LCL

Case 1:15-cr-00001-TMB   Document 116   Filed 10/05/20   Page 5 of 14

videos of that abuse. When caught, the defendant attempted to enlist others to destroy the evidence of his crime. Those acts, in and of themselves, should be sufficient to warrant the 35-year sentence sought by the United States.

The requested sentence becomes only more reasonable when one considers the impact that crimes like the defendant have on their victims. According to the Centers for Disease Control and Prevention, children exposed to adverse childhood traumas like sexual abuse are at an increased risk of alcohol and drug abuse; poorer academic and work performance; and poorer health, to include a higher risk of depression, sexually transmitted diseases, and unwanted pregnancies. *See* http://www.cdc.gov/violenceprevention/acestudy.html. In one study, children who have been the victim of childhood sexual abuse are more than twice as likely to attempt suicide, and 40% more likely to marry an alcoholic. *See* Dube SR, Anda RF, Whitfield, CL, Brown DW, Felitti VJ, Dong M, Giles WH. <u>Long-term consequences of childhood sexual abuse by gender of victim</u>. *Am J Prev Med.* 2005;28:430–438 (available at http://www.ncbi.nlm.nih.gov/pubmed/15894146). When one considers that victims of childhood sexual trauma often live in households with other stressors, it is easy to conclude that their lives are severely impacted and their outcomes less favorable. *See* Felitti VJ, Anda RF, Nordenberg D, Williamson DF, Spitz AM, Edwards V, Koss MP, Marks JS. <u>Relationship of childhood abuse and household dysfunction to many of the leading causes of death in adults: the adverse childhood experiences (ACE) study</u>. *Am J*

Page 6 of 14

Govt. Sent. Memo.
*United States v. Schopp*
1:15-cr-00001-TMB-LCL

Case 1:15-cr-00001-TMB    Document 116    Filed 10/05/20    Page 6 of 14

*Prev Med.* 1998;14:245–258 (available at

http://www.ncbi.nlm.nih.gov/pubmed/9635069).

To date, a victim impact statement has not been received from Juvenile A.[2] Nonetheless, the Court should not let the absence of such a statement deceive it into thinking that the defendant's crime had no effect on its victim. Silence from victims of sexual abuse is far too often the most frequent response. As the Court noted in *Belleau v. Wall*, 811 F.3d 929, 933 (7th Cir. 2016):

> There is serious underreporting of sex crimes, especially sex crimes against children. A nationwide study based on interviews with children and their caretakers found that 70 percent of child sexual assaults reported in the interviews had not been reported to police. David Finkelhor, Heather Hammer, & Andrea J. Sedlak, "Sexually Assaulted Children: National Estimates & Characteristics," Juvenile Justice Bulletin 8 (August 2008). The true level of underreporting must be even higher, because the study did not account for sexual assaults that go unreported in the interviews. Another study finds that 86 percent of sex crimes against adolescents go unreported to police or any other authority, such as a child protective service. U.S. Dept. of Justice, Office of Justice Programs, "Youth Victimization: Prevalence and Implications" 6 (April 2003); see also Candace Kruttschnitt, William D. Kalsbeek & Carol C. House (eds.), National Research Council, Estimating the Incidence of Rape and Sexual Assault 36–38 (2014).

---

[2] The United States has received a victim impact statement from Juvenile A's mother and another relative. Those statements have been forwarded to the United States Probation Office. The United States communicated with Juvenile A's mother on October 5, 2020. Juvenile A's mother asked that her victim statement be read into the record at sentencing. Such a procedure is consistent with a victim's right to be "reasonably heard at any public proceeding." 18 U.S.C. 3771 (a)(4). Under this statute, "crime victims" include "the person directly and proximately harmed as a result of the commission of a Federal offense," and in the event that a victim was a minor at the time of the offense, includes "the legal guardians of the crime victim[.]" *Id.* at (e)(2)(A) and (B).

Page 7 of 14

Govt. Sent. Memo.
*United States v. Schopp*
1:15-cr-00001-TMB-LCL

Case 1:15-cr-00001-TMB   Document 116   Filed 10/05/20   Page 7 of 14

It is easy to see why victims do not speak in cases like this one. Fear, shame, and anger can easily combine to force a victim into silence. Nonetheless, that silence does nothing to lessen the seriousness of this offense.

### b. The History and Characteristics of the Defendant.

The defendant's criminal history is atrocious. Between November 1982 and March 1983, the defendant sexually abused four boys aged 6, 7, 8, and 9. Doc. 91 at ¶ 37. The abuse included the defendant inserting his finger into the anus of each child, and the defendant performing oral sex on three of the four boys. *Id.* As a result of this sexual abuse, the defendant pled no contest in August 1983 in the Superior Court of Alaska to four counts of Sexual Assault in the First Degree, in violation of Alaska Statute (AS) § 11.41.434(a). *Id.*

Shortly after pleading guilty, and prior to sentencing, the defendant fled from a work-release program in Alaska, eventually turning himself into authorities in Montana in April 1987. *Id.* at ¶¶ 37-38. Upon his return to Alaska, the state court sentenced him in January 1988 to five years' imprisonment. *Id.* at ¶ 38. The State of Alaska granted him parole in September 1990. *Id.*

In August 1992, less than two years after being paroled, the defendant was arrested again for sexually abusing four additional children. Id. at ¶¶ 37, 39. One of the defendant's victims was a 7-year-old neighbor child. Id. at ¶ 39. After seeing him playing outside, the defendant invited the child into his residence. *Id.* Once inside, the defendant laid the boy on a bed and rubbed the child's genitals and buttocks above and

Page 8 of 14

Govt. Sent. Memo.
*United States v. Schopp*
1:15-cr-00001-TMB-LCL

Case 1:15-cr-00001-TMB   Document 116   Filed 10/05/20   Page 8 of 14

beneath the child's clothing. *Id.* The defendant sexually assaulted the boy on at least four occasions during the summer of 1991. *Id.*

The second victim was a 6-year-old child. *Id.* This child and his mother were living with the defendant intermittently between June 1991 and August 1992. *Id.* The defendant touched the child's genitalia, put his mouth on the child's genitals, and placed his penis in the child's anus. *Id.* The defendant sexually abused the child more than 10 times while the child's mother was at work. *Id.*

An 8-year-old child was the defendant's third victim. *Id.* The defendant touched this child's genitals under the child's clothing between June 1991 and September 1991. *Id.*

The final victim of the defendant's series of sexual assaults following his release from prison in 1990 was a 14-year-old who lived next door to the defendant. *Id.* One night, between December 1991 and February 1992, the defendant attempted to remove the 14-year-old victim's pants while the child was sleeping at the defendant's home. *Id.* The victim was able to leave the defendant's residence and run to his own house. *Id.*

As a result of his sexual abuse of these four children, the State of Alaska convicted the defendant of two counts of Sexual Abuse of a Minor I, in violation of Alaska Stat. § 11.41.434(a)(1); three counts of Sexual Abuse of a Minor II, in violation of Alaska Stat. § 11.41.436(a)(2); and one count of Attempted Sexual Abuse of a Minor III, in violation of Alaska Stat. §§ 11.41.438(a)(1) and 11.31.100(a). *Id.* State of Alaska Superior Court

Page 9 of 14

Govt. Sent. Memo.
*United States v. Schopp*
1:15-cr-00001-TMB-LCL

Case 1:15-cr-00001-TMB Document 116 Filed 10/05/20 Page 9 of 14

Judge Ralph R. Beistline sentenced the defendant in May 1993 to a total term of imprisonment of 30 years. *Id*.

### c. The Seriousness of the Offense

As explained above, the impact this crime has upon its victims, and the defendant's two prior convictions, makes it among the most serious offenses in the federal code. That fact cannot be denied. The United States' requested sentence is entirely appropriate in this case.

### d. The Need for Deterrence and Protection of the Public.

A sentence of up to 50 years can be imposed in this case. Such a sentence would effectively incapacitate the defendant for the remainder of his life. Nonetheless, the United States submits that the recommended sentence of 35 years is sufficient, but not greater than necessary, to punish the defendant and protect the public.

Assuming the defendant receives good-time credits at the rate of 85%, the impact of the United States' requested sentence will be to incapacitate the defendant until he is at least 82 years old. If the defendant survives until his release, he will then be supervised for the remainder of his life. Importantly, this supervision – to include sex offender treatment, warrantless search conditions, monitoring of Internet use, and employment restrictions - will far exceed anything the defendant has been subjected to following release on his other crimes.

Such a sentence is necessary in order to specifically deter the defendant and protect the public – particularly minor children to whom the defendant is sexually

Page 10 of 14

Govt. Sent. Memo.
*United States v. Schopp*
1:15-cr-00001-TMB-LCL

Case 1:15-cr-00001-TMB   Document 116   Filed 10/05/20   Page 10 of 14

attracted. This defendant's prior criminal history only confirms what other courts have said about sex offenders – that their risk of recidivism is "frightening and high." *McKune v. Lile*, 536 U.S. 24, 34 (2002); *see also id.* at 33 ("When convicted sex offenders reenter society, they are much more likely than any other type of offender to be rearrested for a new rape or sexual assault" (citing U.S. Dept. of Justice, Bureau of Justice Statistics, Sex Offenses and Offenders 27 (1997); U.S. Dept. of Justice, Bureau of Justice Statistics, Recidivism of Prisoners Released in 1983, p. 6 (1997))); *United States v. Pugh*, 515 F.3d 1179, 1201 (11th Cir. 2008) ("As Congress has found and as we have discussed, child sex offenders have appalling rates of recidivism and their crimes are under-reported."). The only way in this case to guarantee the protection of the public is to imprison the defendant until he is no longer a threat. A sentence of 35 years accomplishes that goal.

### e. The Need for Educational, Vocational, or Other Care

The United States does not consider this factor to be significant in the Court's calculation of a term of imprisonment.

### f. The Kind of Sentences Available and the Sentencing Range Established by the Sentencing Commission

The United States seeks a sentence within the Sentencing Guideline range. As this case relates to the production of child pornography, recent persistent criticisms of the child pornography guidelines do not apply. *See e.g. United States v. Henderson*, 649 F.3d 995 (9th Cir. 2011).

//

//

Page 11 of 14

Govt. Sent. Memo.
*United States v. Schopp*
1:15-cr-00001-TMB-LCL

Case 1:15-cr-00001-TMB    Document 116    Filed 10/05/20    Page 11 of 14

### g. Sentencing Disparity

The United States requested sentence will not result in an unreasonable disparity. Defendants whose conduct is similar to this one have been given guideline sentences in this district and elsewhere. Moreover, the nature of the defendant's conduct makes the requested sentence more than appropriate.

Sentences within the District of Alaska support the United States' requested sentence. Recent sentences in similar child exploitation cases include the following:

- *United States v. Collander*, 3:13-cr-00126-SLG - the defendant received a 210-month sentence after producing videos of his nine- and four-year-old granddaughters.

- *United States v. Young*, 3:09-cr-00129-JWS - the defendant received an above-guideline sentence of 264 months after being found in possession of child pornography images he had produced during his time as a camp counselor.

- *United States v. Harvey*, 3:07-cr-00103-RRB - the defendant received a below guideline sentence of 432 months after traveling from California to engage in and record sexual acts with a 12-year-old.

- *United States v. Davis*, 4:17-cr-00003-01-RRB, the defendant received a 35-year sentence for serial molesting and filming the abuse of five preschoolers left in the care of his girlfriend. In each case, the defendants received lifetime terms of supervised release.

Page 12 of 14

Govt. Sent. Memo.
*United States v. Schopp*
1:15-cr-00001-TMB-LCL

Case 1:15-cr-00001-TMB    Document 116    Filed 10/05/20    Page 12 of 14

- *United States v. Pike*, 3:17-cr-00037-01-SLG, the defendant received a sentence of more than 27 years in prison for molesting his daughter, filming the abuse, exchanging those images, and offering to provide his daughter to an out-of-state traveler for the purpose of sexual contact.

The United States' requested sentence is equal to or greater than each of the sentences described above. This is entirely appropriate when one considers that the defendant has two prior sex crime convictions. This fact makes the United States' requested sentence entirely appropriate.

Furthermore, "[w]hile sentences imposed by other courts may be a consideration for a district court, such information does not set a median, floor, or ceiling." *United States v. Miller*, 665 F.3d 114, 122 (5th Cir. 2011). The 35-year sentence sought by the United States is warranted when viewed through the 3553 factors. *See Gall v. United States*, 552 U.S. 38, 49-51 (2007)). The crime committed by the defendant, its impact on its victim, the defendant's prior history, and the need to deter the defendant from committing similar crimes all argue in favor of a lengthy term of imprisonment. Such a term would not result in an unwarranted sentencing disparity.

### h. Restitution

To date, no claims for restitution have been received in this case. In the event that any claim for restitution is received following the filing of this memorandum that cannot otherwise be resolved, the United States will ask that a restitution hearing be held no later than 90 days following the imposition of sentence. *See* 18 U.S.C. § 3664(d)(5).

Page 13 of 14

Govt. Sent. Memo.
*United States v. Schopp*
1:15-cr-00001-TMB-LCL

Case 1:15-cr-00001-TMB   Document 116   Filed 10/05/20   Page 13 of 14

## IV. CONCLUSION

For the reasons stated herein, the United States respectfully asks the Court to sentence the defendant to 420-months imprisonment, to be followed by a life term of supervised release. This sentence recognizes the seriousness of the defendant's crime, and his history and characteristics. This sentence will also deter the defendant and protect the public from future harm.

RESPECTFULLY SUBMITTED this 5th day of October, 2020, in Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

*s/ Kyle Reardon*
KYLE REARDON
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2020,
a copy of the foregoing was served
electronically on:

Steve Wells, Esq.

*s/ Kyle Reardon*
Office of the U.S. Attorney

Page 14 of 14

Govt. Sent. Memo.
*United States v. Schopp*
1:15-cr-00001-TMB-LCL

Case 1:15-cr-00001-TMB  Document 116  Filed 10/05/20  Page 14 of 14